UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

# 04-22044

## CIV-SEITZ

UNITED STATES OF AMERICA,

Plaintiff,

v.

*MAGISTRATE*
*BANDSTRA*

ONE THOUSAND NINE HUNDRED
TWELVE DOLLARS AND SEVENTY
ONE CENTS ($1,912.71) IN S. CURRENCY,

Defendant.

2004 AUG 11   PM 4:01

/

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

Plaintiff United States of America hereby files this Complaint for Forfeiture *in Rem*.

1.      This is a civil action for forfeiture *in rem* of One Thousand, nine hundred twelve dollars and seventy one cents ($1,912.71) in United States currency ("defendant currency").

2.      This Court has jurisdiction and venue over this action pursuant to 28 U.S.C. §§ 1345, 1355(a), (b)(1), 1395 and 2461, in that the defendant currency was seized in the Southern District of Florida and will remain within the District during the pendency of this action.

3.      The United States seeks forfeiture of the defendant currency pursuant to 21 U.S.C. § 881 (a)(6)  for a violation of 21 U.S.C. § 841 (a) and (b) and 28 U.S.C. § 2466 (a),  the fugitive disentitlement doctrine.



## FACTS GIVING RISE TO FORFEITURE

4.      On September 13, 2000 DEA agents seized 14 kilograms of cocaine from a residence located at 11541 N.W. 2nd Street, Apt. 211, Miami Florida.  The criminal defendant, Rolando Hernandez ("Hernandez") had earlier delivered this cocaine to the residence. Hernandez was arrested for possession of the cocaine.

5.      At the time of his arrest, DEA agents seized the defendant currency, along with the cocaine found in his possession.

6.      On June 26, 2000, a Federal Grand Jury sitting in Miami returned an indictment against Hernandez in the case of the *United States of America v. Rolondo Hernandez and Ramona Hernandez*, Case No,. 00-805-CR-Jordan for violation of federal narcotics law.

7.      The indictment included a forfeiture count which alleged that the defendant currency constitutes property derived from proceeds obtained directly or indirectly as a result of narcotic trafficking violations or property which the defendants used, or intended to use in any manner or part to facilitate the commission of the violations charged.

8.      On or about October 2000 Hernandez was released on bond.  He has fled the jurisdiction and remains a fugitive.

## COUNT I

9.      Plaintiff realleges paragraphs 1 through 8 above as if fully set forth herein.

10.      Based on the foregoing, the defendant currency constitutes property derived from proceeds the defendant obtained directly or indirectly as a result of the violations charged in the indictment or property which the defendants used or intended to be used to facilitate the commission of the narcotics violations charged in the indictment and is thereby forfeit to the

United States pursuant to Title 21, United States Code, Section 881(a)(6), as amended by the Civil Asset Forfeiture Reform Act of 2000 Title 18, United States Code, Section 983.

11.    Pursuant to Title 28, United States Code, Section 2466(a) a judicial officer may disallow a person from using the resources of the Courts of the United States in the furtherance of a claim in any related civil forfeiture action or a claim in third party proceedings in any related criminal forfeiture action upon a finding that such person is after notice or knowledge of the fact that a warrant or process has been issued for his apprehension, in order to avoid criminal prosecution purposely leaves the jurisdiction of the United States; declines to enter or reenter the United States to submit to its jurisdiction; or otherwise evades the jurisdiction of the court in which a criminal case is pending against the person; and is not confined or held in custody in any other jurisdiction for commission of criminal conduct in that jurisdiction.

12.    Rolando Hernandez, the criminal defendant from whom the currency was seized, remains a fugitive, thus, the defendant currency is also forfeitable to the United States pursuant to the fugitive disentitlement provision of Title 28, United States Code, Sec. 2466 (a).

WHEREFORE, the United States of America prays that process issue to bring the defendant currency within the jurisdiction of this Court by warrant of arrest *in rem*; that notice issue to all parties in interest to appear upon the return day of such process and duly intervene herein by claim and plea; that the defendant currency be condemned as forfeit to the United States of America; that an order for property disposal for the same be issued according to law; all

3

pursuant to Title 21, United States Code, Section 881(a)(6) as amended by the Civil Asset

Forfeiture Reform Act of 2000; and that the Plaintiff be granted such other relief as this Court

may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By: _____
LORNETTE A. REYNOLDS
ASSISTANT U.S. ATTORNEY
FLA. BAR NO. 0035955
99 NE 4TH STREET
MIAMI, FLORIDA 33132
TEL.   (305) 961-9294
FAX.   (305) 536-7599
Lornette.Reynolds@usdoj.Gov

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury, that I have read the foregoing

Complaint for Forfeiture in Rem and state that the contents are true to the best of my knowledge

and belief.

Executed on this _11_ day of _August_, 2004.

_____
MICHAEL FREEMAN
SPECIAL AGENT, DEA

4

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET    04-22044

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

## DEFENDANTS
One Thousand Nine Hundred Twelve Dollars
and Seventy One Cents ($1,912.71) in U.S. currency

**CIV-SEITZ**

**MAGISTRATE
BANDSTRA**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)
AUSA Lornette A. Reynolds
U.S. Attorney's Office
99 NE 4th Street
(305) 961-9294

ATTORNEYS (IF KNOWN)

2004 AUG 11

(d) CIRCLE COUNTY WHERE ACTION AROSE:   (DADE)   MONROE   BROWARD   PALM BEACH   MARTIN   ST. LUCIE   INDIAN RIVER   OKEECHOBEE   HIGHLANDS

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

1 ☐ U.S. Government
Plaintiff

2 ☐ U.S. Government
Defendant

3 ☐ Federal Question
(U.S. Government Not a Party)

4 ☐ Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                                 AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

Dade 1:04cv-2244) firstvers

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

1 ☐ Original
Proceeding

2 ☐ Removed from
State Court

3 ☐ Remanded from
Appellate Court

4 ☐ Reinstated or
Reopened

5 ☐ Transferred from
another district
(specify)

6 ☐ Multidistrict
Litigation

7 ☐ Appeal to District
Judge from
Magistrate
Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury — Med Malpractice | ☐ 620 Other Food & Drug | | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | 450 Commerce/ICC Rates/etc |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers Liability | 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | A PROPERTY RIGHTS | 460 Deportation |
| ☐ 151 Medicare Act | 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs | 820 Copyrights | 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | 345 Marine Product Liability | 370 Other Fraud | ☐ 660 Occupational Safety/Health | 830 Patent | 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth in Lending | ☐ 690 Other | 840 Trademark | 850 Securities/Commodities Exchange |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | A LABOR | B SOCIAL SECURITY | 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 891 Agricultural Acts |
| 195 Contract Product Liability | | | 720 Labor/Mgmt Relations | 862 Black Lung (923) | 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | | 863 DIWC/DIWW (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting | ☐ 510 Motions to Vacate Sentence | 730 Labor/Mgmt Reporting & Disclosure Act | 864 SSID Title XVI | 894 Energy Allocation Act |
| 220 Foreclosure | 442 Employment | HABEAS CORPUS | 740 Railway Labor Act | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations | ☐ 530 General | | FEDERAL TAX SUITS | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | 444 Welfare | ☐ 535 Death Penalty | 790 Other Labor Litigation | A 870 Taxes (U.S. Plaintiff or Defendant) | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 440 Other Civil Rights | ☐ 540 Mandamus & Other | A 791 Empl Ret Inc Security Act | 871 IRS — Third Party 26 USC 7609 | 890 Other Statutory Actions |
| 290 All Other Real Property | | ☐ 550 Civil Rights | | | A OR B |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL UNLESS DIVERSITY.)

21 U.S.C. § 881(a)(6), 21 U.S.C. § 841(a) and (b), and 28 U.S.C. § 2466

LENGTH OF TRIAL
via _____ days (estimated for both sides to try entire case)

## VII. REQUESTED IN
COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND:   YES   NO

## VIII. RELATED CASE(S)
IF ANY   (See instructions)

JUDGE   Jordan

DOCKET NUMBER   00-805-Cr-AJ

DATE   8-11-04

SIGNATURE OF ATTORNEY OF RECORD   /s/ Jonette A. Reynolds

FOR OFFICE USE ONLY

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG JUDGE